STEPHEN J. CRAY v. CLINTON P. UNDERWOOD.

May Term, 1920.

Present:  WATSON, C. J.; POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Petition for New Trial—Newly Discovered Evidence.*

Newly discovered evidence of a prior injury, which had no tendency to account for the injury complained of, and which was wholly unconnected with the same, does not entitle the petitioner to a new trial.

ORIGINAL PETITION for a new trial, on the ground of newly discovered evidence, in the cases of *Clinton P. Underwood* v.

*Stephen J. Cray* and *Stephen J. Cray* v. *Clinton P. Underwood.*
The cases were tried together at the April Term, 1919, Windham
County, and there was verdict and judgment for the plaintiff in
the first case, and for the defendant in the second case, which
judgments were affirmed by the Supreme Court. *Ante,* p. 58.
The opinion states the case.

*Barber, Barber & Miller* for the petitioner.

*W. A. Graham* and *E. W. Gibson* for the petitionee.

MILES, J.   This is a petition for a new trial.   Stephen J.
Cray, the defendant, in one suit and the plaintiff in the other, as
the case is entitled, is the petitioner.   The cases were tried
together in the county court and a verdict and judgment were
there rendered for the petitionee in both suits.   Exceptions were
taken, and the cases brought to this Court where the judgments
were affirmed. *Ante,* p. 58, 108 Atl. 513. Now after the af-
firmance, the petitioner brings this petition for a new trial on
the ground of newly discovered evidence.   The evidence upon
which the petitioner relies relates solely to the damages re-
covered in the suit of *Underwood* v. *Cray;* therefore the question
before us is simply whether the newly discovered evidence is
such as to entitle the petitioner to a new trial on that particular
branch of the case.

On the trial of the cases in the county court, the petitionee
sought to recover, among other things, for an injury to his
left shoulder.   The newly discovered evidence upon which the
petitioner relies consists of declarations made by the petitionee
to Charles B. Wheeler in the spring of 1918, and letters to Frank
B. McCarthy in August, 1919.   The petitioner claims that those
declarations to Wheeler and letters to McCarthy tend to contra-
dict the petitionee's claim on the trial in county court that
his injury to his left shoulder resulted from the petitioner's
assault and battery.   Wheeler testified, in his deposition sup-
porting the petition, that the petitionee told him that he slipped
and fell on the ice at Camp Devens, striking on a ''hunk'' of
ice, and injured the lower part of his back, and ''tore some liga-
ments in the back bone or muscles or something.''

The letters to McCarthy referred to the same occasion.
There were two letters, one dated August 18 and the other

August 21, 1919. In the letter of August 18th the petitionee stated that he was sick in bed with the same trouble of ''a year ago last spring, but don't know what causes it—left leg all swelled up.'' In the letter of August 21st he stated: ''Am no better but am not much worse. We think it is the result of a fall I had a year ago in March which tore the muscles away from my spine. Kept on work then and finally put seven weeks in hospital and suffered great pain. This time I am just the same but very little pain.''

The most that can be claimed for the declarations and letters, upon which the petitioner relies in support of his petition, is that they tend to show a single injury caused by a fall at Camp Devens, injuring the lower part of the petitionee's back and tearing the muscles from the spine. If the declarations to Wheeler and the letters to McCarthy were true, their probative force would depend upon their relation to the injury of the petitionee's left shoulder. No evidence is called to our attention tending to show that an injury located in the part of the petitionee's body indicated by the declarations and letters as the place where the injury was caused by the fall at Camp Devens, would produce the injury complained of. Indeed, there was evidence tending to show the contrary. Dr. Edward R. Lynch, whose deposition was taken by the petitioner in support of the petition, testified: ''The condition of the collar;'' referring to the petitionee's left shoulder, ''I doubt if he could get that from a blow on the back.''

As the evidence had no tendency to account for the injury to the left shoulder, but goes only to the extent of showing a prior injury wholly unconnected with the injury to the left shoulder, complained of, such evidence falls far short of making a case that entitles the petitioner to a new trial of either case.

This view of the case renders it unnecessary to consider the other questions discussed in the briefs of counsel.

*Petition dismissed, with costs to the petitionee.*