CLINTON P. UNDERWOOD *v.* STEPHEN J. CRAY.
STEPHEN J. CRAY *v.* CLINTON P. UNDERWOOD.

November Term, 1919.

Present:  WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 7, 1920.

*Unresponsive Answer—Corrective Action of Court—Failure to Save Exception—Impeaching Evidence—Record of Conviction of Crime—Harmless Error—Error Beyond Scope of Exception.*

1.  Where the court acted promptly and effectively in striking out an irresponsive answer by the plaintiff and directed the jury to pay no attention to it, and it does not appear that the plain-

tiff intended to go beyond the question and to gain an advantage, nor that the defendant was in fact prejudiced, an exception to the answer will not be sustained.

2. No question is reserved where the record does not show that an exception was saved.

3. Although it is usual to show the fact by the witness himself on cross-examination, it is within the discretion of the court, as affecting the witness' credibility, to admit the record of his conviction of a crime, although it may be a crime not involving moral turpitude.

4. In such case, it is error to permit the record of the conviction to be read to the jury.

5. Where the record of defendant's conviction was read to the jury and he excepted to the reading of that part which covered the sentence, and the court immediately withdrew the part excepted to and instructed the jury not to consider it for any purpose, the error was harmless.

6. The Court will not consider error beyond the scope of the exception.

ACTIONS OF TORT for assault and battery. In each case the plea was *son assault demesne,* and issue was joined upon a replication of *de injuria.* The cases were tried together by jury at the April Term, 1919, Windham County, *Slack,* J., presiding. In the case of *Underwood* v. *Cray* there was verdict and judgment for the plaintiff, and the defendant excepted. In the case of *Cray* v. *Underwood* there was verdict and judgment for the defendant, and the plaintiff excepted. The opinion states the case.

*E. W. Gibson* and *W. A. Graham* for Clinton P. Underwood.

*Barber, Barber & Miller* for Stephen J. Cray.

POWERS, J. These cases were tried as one, both here and in the court below. They grow out of a series of fist fights which the parties indulged in at Bellows Falls in the fall and winter of 1918. To avoid confusion, the parties will be spoken of by name. Underwood based his action on what occurred on October 14 and December 8. Cray based his on what occurred on December 8, only. A jury trial resulted in a verdict for Underwood to re-

cover $2,500, which included $500 of exemplary damages. Cray moved to set aside this verdict for the reason, among others, that this award was unreasonable and excessive. Thereupon the court ordered Underwood to remit $1,000, which was done, and judgment was then rendered for $1,500. In Cray's case the verdict was against him, and judgment was so rendered. The cases are here on Cray's exceptions.

[1]  Underwood was a witness in his own behalf, and when he was giving his version of the trouble with Cray on December 8, he was asked by his counsel to tell what the latter did, and after describing Cray's violent assault upon him, he added, "and I suffered the greatest agony I ever suffered in my life." The court, of its own motion, ordered this part of the answer stricken out, and directed the jury to pay no attention to it. Cray excepted to it. The exception is unavailing. It is not every irresponsive answer given by a party that will support an exception. Not only must such an answer be improper in substance, but it must be apparent that the party intends to go beyond the question and to gain an advantage.  *Sanders* v. *Burnham,* 91 Vt. 480, 100 Atl. 905. There is nothing before us to show that Underwood had any such intention when he answered as he did; the court acted promptly and effectively; we do not think that Cray was in fact prejudiced, and the exception is not sustained.

[2]  Further on in his testimony, Underwood was allowed to testify that, prior to December 8, he knew of Cray's having made assaults upon other persons. It is now urged that this was error. But the record does not show that an exception was saved; consequently, no question is reserved.  *Marcey* v. *Parker,* 78 Vt. 73, 62 Atl. 19; *Green* v. *Dodge,* 79 Vt. 73, 64 Atl. 499; *Townshend* v. *Townshend,* 84 Vt. 315, 79 Atl. 388; *Mellen* v. *United States H. & A. Ins. Co.,* 85 Vt. 305, 82 Atl. 4; *Newton* v. *American Car Sprinkler Co.,* 88 Vt. 487, 92 Atl. 831; *State* v. *Gomez,* 89 Vt. 490, 96 Atl. 190.

[3]  During the cross-examination of Cray, he was asked if at one time he was convicted of an assault upon a person named, and he answered that two lawyers got to fighting and he paid the bill. Upon being directed by the court to answer the question, he replied, "I was, in that way." Thereupon the record of the conviction referred to was offered and admitted. To all this Cray excepted. That it was within the dis-

cretion of the court to admit the fact of this conviction, though it did not cover a crime involving moral turpitude, is established by *McGovern* v. *Hayes,* 75 Vt. 104, 53 Atl. 326. It is true, as suggested in that case, that it is usual to show this fact by the party himself on cross-examination. But this does not imply that the record is inadmissible. It may not be necessary to produce it in a case where the conviction is admitted, but it is not error to receive it.

[4, 5, 6] The record of the conviction, including the sentence of the court, was read to the jury. Cray asked for an exception to the reading of that part of the record which covered the sentence, and the court immediately withdrew the part objected to, and instructed the jury not to consider it for any purpose. An exception was then allowed. It was improper, in any view, to read the sentence to the jury. Indeed, it was improper to read to the jury any part of the record. *Currier* v. *Richardson,* 63 Vt. 617, 22 Atl. 625. As shown by that case, proper procedure requires the court to examine such a record and to instruct the jury as to the material facts shown by it. But as we have seen, the exception only went to the reading of the sentence. So that is as far as our consideration of it will go. In the case referred to, more was read to the jury than was admissible; this was held to be reversible error, because this Court could not say that it was harmless. At that time, error was presumed to be prejudicial; now, it is presumed to be harmless. As in that case the Court could not affirmatively say that the error was harmless, so here we cannot say that it was harmful. Therefore the exception is not sustained. So we have no occasion to consider the effect of the court's later attempt to withdraw the whole record from the consideration of the jury, and to charge it out of the case.

*Judgments affirmed.*