### State of Vermont v. Douglas A. Gardner

[433 A.2d 249]

No. 376-79

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

Dissent Filed July 21, 1981

*David G. Miller,* Franklin County State's Attorney, and *Marianne Lipscombe* (On the Brief), St. Albans, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *George Spangler* (On the Brief), Montpelier, for Defendant.

**Billings, J.** The defendant was charged with breaking and entering in the nighttime, in violation of 13 V.S.A. § 1201. The only defense presented was diminished capacity due to voluntary intoxication. The defendant alleged that he wished to testify at his trial about what he remembered and what he could not remember on the night in question. This testimony would have related to his defense of diminished capacity. The defendant made a motion in limine to prevent the State from using the defendant's prior convictions for impeachment if he chose to testify on his own behalf. The defendant specifically requested the exclusion of a previous conviction for breaking and entering in the nighttime. The trial court denied the motion, holding that under 12 V.S.A. § 1608, and this Court's decision in *State* v. *Manning,* 136 Vt. 436, 392 A.2d 409 (1978), the State as a matter of right could cross-examine the defendant about his earlier convictions. After the hearing on

the motion in limine, the defendant chose not to testify. The defendant was convicted after a jury trial, and now appeals.

In *State* v. *Manning, supra,* this Court held that a witness may be impeached by cross-examination concerning any prior convictions for crimes involving moral turpitude within 15 years. The Court also held that the trial court has no discretion to exclude this form of impeachment. The defendant now asks this Court to overrule *Manning,* and hold that the impeachment of a witness by prior convictions is limited by the trial court's discretion. The State's position is that this case is controlled by 12 V.S.A. § 1608 and that section was correctly interpreted in *Manning.*

■ Upon reconsideration we conclude that *Manning* was decided incorrectly, and hold that the cross-examination of a witness concerning prior convictions is subject to the discretion of the trial court.

The fact that a witness has been convicted of certain crimes is generally thought to be relevant to the question of that witness's credibility, *Gordon* v. *United States,* 383 F.2d 936, 940 (D.C. Cir. 1967), *cert. denied,* 390 U.S. 1029 (1968); *People* v. *Sandoval,* 34 N.Y.2d 371, 314 N.E.2d 413, 357 N.Y.S.2d 849 (1974), although there is disagreement about which crimes are relevant. C. McCormick, Evidence § 43, at 85 (Cleary ed. 1972). When the defendant in a criminal case testifies, he may generally be impeached to the same extent as any other witness. *Brown* v. *United States,* 356 U.S. 148 (1958). Impeachment by showing prior convictions, however, is generally recognized to be extremely prejudicial to the defendant in a criminal case. C. McCormick, *supra,* at 89. Despite limiting instructions a jury is likely to conclude that a defendant with a criminal record is a criminal by nature and likely to be guilty of the offense presently charged. *Commonwealth* v. *Bighum,* 452 Pa. 554, 307 A.2d 255 (1973); C. McCormick, *supra.* Or the jury may conclude that the defendant is a person who deserves punishment regardless of his guilt of the offense charged. *People* v. *Fries,* 24 Cal. 3d 222, 594 P.2d 19, 155 Cal. Rptr. 194 (1979). C. McCormick, *supra.* If the defendant decides not to testify to prevent the jury from learning of his criminal record, the jury may take his silence as an indication of guilt. *Id.*

In deciding that the State may cross-examine any witness about prior criminal convictions the Court in *Manning* did not discuss this dilemma faced by an accused who wishes to testify in his own behalf. This Court relied on earlier cases that had stated that the impeachment of witnesses by showing prior convictions was a matter of right. *Pond* v. *Carter*, 126 Vt. 299, 229 A.2d 248 (1967); *State* v. *Russ*, 122 Vt. 236, 167 A.2d 528 (1961). This had been repeated in a number of Vermont cases dating back to *McGovern* v. *Hays*, 75 Vt. 104; 53 A. 326 (1902). In each of these cases, however, this language was dictum. None of these cases prior to *Manning* addressed the question of the court's discretion to exclude impeachment by a prior conviction, nor did any case attempt to analyze the language of 12 V.S.A. § 1608, the statute the State asserts is controlling in the case at hand.

■■ 12 V.S.A. § 1608 provides in relevant part: "The conviction of a crime involving moral turpitude within fifteen years shall be the only crime admissible in evidence given to affect the credibility of a witness." The State argues that because of the word "shall" in this section the use of prior convictions to impeach a witness is a matter of right. We believe the section has a different meaning, however. In stating that certain convictions "shall be the only crime admissible to affect the credibility of a witness," the statute is establishing the outer boundary of admissibility. Under this section, no crime may be admitted to impeach a witness unless it meets certain conditions; that is, it must involve moral turpitude, and the conviction must have been within 15 years. The effect is to remove from the trial court all discretion to admit crimes that do not meet these conditions. *State* v. *Russ, supra*, 122 Vt. at 238, 167 A.2d at 529. 12 V.S.A. § 1608, however, does not state that crimes that meet these conditions must always be admitted. To describe a certain category of evidence as admissible does not mean that the trial court is without discretion to exclude that evidence under some circumstances. Evidence which is otherwise admissible may be excluded if it is prejudicial, *Quazzo* v. *Quazzo*, 136 Vt. 107, 386 A.2d 638 (1978); *State* v. *Davis*, 132 Vt. 290, 318 A.2d 664 (1974), or because of delay, waste of time or cumulative effect. See *Whitmore* v. *Mutual Life Insurance Co.*, 122 Vt. 328, 173 A.2d 584 (1961).

In *Quazzo* v. *Quazzo, supra,* this Court stated as a general rule: "Although relevant, evidence may be excluded on the ground that its probative value is overwhelmed by its probable improper prejudicial effect." *Id.* at 110, 386 A.2d at 640. In the absence of a statute requiring the admission of prior convictions to impeach a witness, this general rule should apply. In other jurisdictions without such a statute, most courts have held that a trial court has the discretion to prohibit the impeachment of a witness by evidence of prior convictions. See, e.g., *People* v. *Beagle,* 6 Cal. 3d 441, 492 P.2d 1, 99 Cal. Rptr. 313 (1972); *State* v. *Bitting,* 162 Conn. 1, 291 A.2d 240 (1971); *Burrell* v. *State,* 42 Md. App. 130, 399 A.2d 1354 (1979); *People* v. *Sandoval, supra; Commonwealth* v. *Bighum, supra.* Courts which have held that impeachment by prior conviction is a matter of right have generally done so because of statutes interpreted as requiring that result. See, e.g., *State* v. *Ruzicka,* 89 Wash. 2d 217, 570 P.2d 1208 (1977); *State* v. *O'Brien,* 412 A.2d 231 (R.I. 1980); *State* v. *Bennett,* 30 Utah 2d 343, 517 P.2d 1029 (1973). We hold that the impeachment of a witness by prior convictions is subject to the discretion of the trial court.

█ In exercising this discretion the trial court may consider a number of factors. The most important consideration is the nature of the proceeding. There may be circumstances which require the exclusion of impeachment by prior crimes in a civil case, see, e.g., *Boyd* v. *City of Wyandotte,* 402 Mich. 98, 260 N.W.2d 439 (1977), or in a criminal case when the witness is not the defendant, see, e.g., *State* v. *Rowe,* 57 N.J. 293, 271 A.2d 897 (1970), but the greatest danger of prejudice exists when the witness to be impeached is the defendant in a criminal trial. It is then necessary for the trial court to exercise its discretion most carefully, and some of the factors mentioned below refer specifically to this situation.

The court must consider the nature of the crime to be used for impeachment. Sudden crimes of violence are less relevant to the credibility of a witness than crimes involving dishonesty or falsehood. *Gordon* v. *United States, supra.* See also Federal Rules of Evidence 609(a). Furthermore, crimes of violence are more likely to prejudice the defendant before the jury. *People* v. *Sandoval, supra.* An especially severe possibility of

prejudice exists when the crime to be introduced for impeachment is similar to or the same as the crime for which the defendant is accused. *United States* v. *Shapiro,* 565 F.2d 479, 481 (7th Cir. 1977); *Gordon* v. *United States, supra.*

Another factor to be considered is the length of the defendant's criminal record. An extensive recitation of the crimes for which the defendant has been convicted is likely to be highly prejudicial. See *Gordon* v. *United States, supra.* In these situations a judge might consider limiting the number of convictions that may be shown to impeach a witness.

The length of time that has passed since the conviction should also be considered. *Id.* Older crimes are less relevant to the issue of the defendant's credibility. *United States* v. *Shapiro, supra.* Convictions more than fifteen years old are, of course, inadmissible by statute. 12 V.S.A. § 1608. The age and circumstances of the defendant should be considered. *Gordon* v. *United States, supra.*

The court above all will have to evaluate the relative importance of the defendant's testimony and the need for impeachment by prior conviction in each individual case. *Id.; People* v. *Sandoval, supra; Commonwealth* v. *Bighum, supra.* If the defendant has no means of defense other than his own testimony, and the fear of impeachment is likely to prevent him from testifying, a court may be reluctant to permit such impeachment. *Gordon* v. *United States, supra; People* v. *Fries, supra.* A court should more readily exclude evidence of prior convictions when there are other means of impeachment available. *People* v. *Beagle, supra.* This discussion is by no means exhaustive. Many other facts may well be important in different situations.

In the case at hand the trial court ruled that it had no discretion to exclude evidence of the defendant's prior convictions if he chose to testify. We now hold this to be incorrect as a matter of law. The failure of a trial court to exercise its discretion when properly called upon to do so is an abuse of discretion. *Board of Medical Practice* v. *Perry-Hooker,* 139 Vt. 264, 427 A.2d 1334 (1981); *State* v. *Ahearn,* 137 Vt. 253, 267, 403 A.2d 696, 705 (1979). This case must be remanded for a new hearing on the defendant's motion in limine.

*Reversed. Judgment vacated. Remanded.*

Daley, J., dissenting. I cannot agree with the majority in its holding that a prior conviction of a crime involving moral turpitude, as in the case here, may be admitted in evidence to affect the credibility of a criminal defendant only upon a discretionary ruling by the trial court employing the balancing test set forth in the opinion. The competency of a witness who has been convicted of a crime, as well as impeachment of those witnesses, are matters which the General Assembly has settled in 12 V.S.A. § 1608 and its predecessor statutes. *State* v. *Manning,* 136 Vt. 436, 392 A.2d 409 (1978), correctly interpreted the statutory law of this state and the intent of the Legislature, which is to permit the convictions of prior crimes as set forth in 12 V.S.A. § 1608 to be admitted for impeachment as a matter of legal right. This option rests in the defendant as well as the State. The trial court has no discretion whatsoever under § 1608.

In arriving at the result reached, the Court has stretched the rigging to adopt a rule of judicial decision in the face of clear legislative intent expressed in the statute. For over a century the General Assembly has followed its traditional role of enacting statutes governing the competency of witnesses in criminal and civil cases. See 12 V.S.A. ch. 61, subch. 1.

When the Legislature passed § 1608's first predecessor in 1851, the common law made a person convicted of a crime incompetent to testify as a witness. See 2 J. Wigmore, Evidence § 519 (3d ed. 1940). The new statute changed that rule, allowing persons convicted of a crime to testify as a witness, except those convicted for the crimes of perjury, subornation of perjury, or endeavoring to incite or procure another to commit the crime of perjury. 1851, No. 12, § 2. The new act also provided, however, that "the conviction of a witness . . . of any crime involving moral turpitude, may be given in evidence to affect the credibility of such witness." *Id.* Apparently, the Legislature wanted to offset the convicted criminal's new right to testify with the right to use evidence of his conviction to impeach him.

This Court interpreted the statute and its successors as making "it a matter of legal right to attack the credibility of a witness by showing by independent evidence that he has been convicted of a crime involving moral turpitude." *Mc-*

*Govern* v. *Hays,* 75 Vt. 104, 108, 53 A. 326, 327 (1902). This Court also interpreted the statute to allow impeachment via crimes other than those involving moral turpitude at the discretion of the trial judge. *State* v. *Jacques,* 121 Vt. 129, 131, 149 A.2d 358, 359 (1959); *Underwood* v. *Cray,* 94 Vt. 58, 60–61, 108 A. 513, 514 (1920).

In the face of those interpretations, the General Assembly amended the statute in 1959 to provide:

> The conviction òf a crime involving moral turpitude within fifteen years shall be the *only* crime admissible in evidence given to affect the credibility of a witness.

1959, No. 250 (emphasis added). Through the amendment, the General Assembly prohibited the use of crimes, except those involving moral turpitude, for impeachment purposes. This Court recognized the change in *State* v. *Russ,* 122 Vt. 236, 167 A.2d 528 (1961).

Presumably, the General Assembly knew when it amended the statute that it had been interpreted by this Court to allow, as a matter of right, impeachment of witnesses by using convictions of crimes involving moral turpitude. If the Legislature had intended that prior convictions under § 1608 would be admissible to affect the credibility of a witness only upon a discretionary ruling by the trial judge, it could have so stated. It did not. The portion of the statute set out in the opinion in this case is clear, plain and unambiguous, reflecting long standing traditional legislative policy not uncommon in other states. See *State* v. *O'Brien,* 412 A.2d 231 (R.I. 1980); *State* v. *Ruzicka,* 89 Wash. 2d 217, 570 P.2d 1208 (1977). The Legislature has never given any indication of an intent to leave the admission or exclusion of such evidence to the discretion of the trial court.

My reading of § 1608 requires me to reach the second issue which the defendant raises, that is, whether allowing the State to admit prior convictions for purposes of impeachment as a matter of right denies the defendant his constitutional right to testify before an impartial jury. I agree with the holding of the Washington Supreme Court that it does not. *State* v. *Ruzicka, supra,* 89 Wash. 2d at 233–34, 570 P.2d at 1216–17. Certainly, if unconstitutionally obtained confessions

may be used for impeachment purposes, *Harris* v. *New York*, 401 U.S. 222 (1971), I see no reason why prior convictions may not be used for impeachment purposes. See also *State* v. *Kelley*, 120 N.H. 14, 413 A.2d 300 (1980); *State* v. *O'Brien*, *supra*, 412 A.2d at 234–35. The jury can be properly instructed to use the evidence only to test the witness's credibility, and this instruction should safeguard the defendant's rights.

The majority of the Court, in the face of statutory law silent upon the premise and the history of that statute, has now invaded the province of the Legislature by adopting a doctrine espoused by distinguished legal text writers for several years. This doctrine, it is true, has received favor in several other state jurisdictions. It has been adopted, in part, by Rule 609(a) of the Federal Rules of Evidence, although I do not believe Rule 609(a) goes as far as the decisional rule in this case. The majority seems to have been imbued with a drive to further protect the rights of defendants in criminal cases. Salutary as that may be, this Court is not empowered to amend statutory law by a construction which inserts a judicial power not provided by the Legislature.

In my opinion, if a change in the statutory law of impeachment is needed, then the Court should have promulgated a proposed judicial rule for submission to the consideration of the General Assembly. I would affirm the decision of the trial court.