### State of Vermont v. Lawrence Jarrett

[465 A.2d 238]

No. 485-81

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed June 7, 1983

*Mark J. Keller,* Chittenden County State's Attorney, *Susan L. Fowler,* Deputy State's Attorney, and *Robert Andres,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *Nancy E. Kaufman,* Acting Appellate Defender, Montpelier, for Defendant-Appellant.

Larrow, J. (Ret.), Specially Assigned. Defendant appeals a conviction, after jury trial, for breaking and entering in the daytime. 13 V.S.A. § 1201. We reverse and remand.

Defendant raises on appeal three claims of error. Our disposition of his first claim makes consideration of the others unnecessary. That claim relates to the action of the trial court on his motions, made in limine and at the close of the State's evidence, to exclude the use of prior convictions to impeach his credibility should he take the stand. Some prior convictions were indeed held inadmissible, as not involving moral turpitude under the statute. 12 V.S.A. § 1608. Ruled admissible, however, were convictions for a 1973 grand larceny (of food and drink from a restaurant), the 1977 forgery of a $46.00 check, and an uttering (date unspecified) involving goods worth under $300.00.

It would serve no useful purpose to outline at length the evidence against the defendant. Although practically all circumstantial, it established virtually beyond question his presence at the scene, and his taking and later possession of the personal property removed from the premises. His only indicated defense was entry to escape the cold, and an intent to steal formed only after the entry. However believable, the defense as to intent was highly dependent, from its nature, on the defendant's own testimony. After the ruling allowing impeachment through his prior convictions, defendant did not testify.

We do not rule as a matter of law upon the admissibility of the convictions in question, beyond indicating that the circumstances here certainly warrant the reluctance to admit of which we speak in *State* v. *Gardner,* 139 Vt. 456, 461, 433 A.2d 249, 252 (1981). As we there held, the court's ruling is a discretionary one, to be made in light of *all* the relevant circumstances, no one of which is in itself governing. *Gardner* had been handed down before the trial here, and was in fact

discussed by the trial court and counsel during argument on the defendant's motions to exclude. The parties do not question that it governs in his case. *State* v. *Shattuck,* 141 Vt. 523, 450 A.2d 1122 (1982).

We laid down in *Gardner* a number of factors which the trial court should consider in ruling on the question of admissibility, and indicated that even these were not exclusive considerations. We particularly urged consideration of defenses dependent upon a respondent's testimony, as here, and the deterrent effect of a fear of impeachment and prejudice therefrom. *Id.* at 461, 433 A.2d at 252. Although no formal order was made, and no conclusions of law filed (a procedure we do not by rule require), it is quite apparent from the transcript below that the trial court, as defendant argues, gave only "short shrift" to all but one of the *Gardner* criteria, i.e., whether each of the prior convictions involved falsehood. This is not adequate compliance with *Gardner* standards.

If the record were silent, we could assume such compliance with a well-established and clearly stated standard, since there would be no showing that it had withheld discretion or exercised it for "clearly untenable reasons or to an extent clearly untenable." *Miller* v. *Ladd,* 140 Vt. 293, 297–98, 437 A.2d 1105, 1108 (1981) ; *vanLoon* v. *vanLoon,* 132 Vt. 236, 238, 315 A.2d 866, 867 (1974). We have accorded similar treatment to participation by assistant judges in equitable cases, refusing to assume automatic harm therefrom, without more appearing. *Braun* v. *Humiston,* 140 Vt. 302, 305, 437 A.2d 1388, 1389 (1981). But we have summarily reversed where the record clearly showed the presence of active participation in the decision. *Maskell* v. *Beaulieu,* 140 Vt. 75, 435 A.2d 699 (1981). It is one thing to assume compliance with recognized standards, in keeping with the burden on the appellant to demonstrate error, but it is quite another to ignore error below, raised in the trial court and apparent from the record.

It is indeed possible that some members of our judiciary are unhappy with the result in *Gardner.* When handed down, it was not a unanimous decision. But whatever qualms about the decision previously existed should be laid to rest by the recent adoption of the Vermont Rules of Evidence. Rule 609 clearly incorporates the ruling of *Gardner* and makes the

balancing test of Rule 403 controlling on the admissibility of prior convictions, subject to the overall limitations of the statute, 12 V.S.A. § 1608. Probative value for impeachment must be weighted against the chilling effect on the right of a criminal defendant to testify, as guaranteed by 13 V.S.A. § 6601. It is true that the Rules of Evidence were not in effect at the time of the trial in this case, but their subsequent adoption certainly militates most strongly against any present judicial modification of the principles enunciated in *Gardner*. Those principles were not here conformed to, and reversal is required. Such reversal makes consideration of other points raised unnecessary.

*Judgment reversed, conviction vacated, and cause remanded.*

**Underwood, J.,** concurring. I agree with that portion of the majority opinion holding that the judgment must be reversed and the cause remanded because the trial judge gave serious consideration to only one of the several *Gardner* criteria. I disagree, however, with that portion of the majority opinion which implies that if the trial judge had remained silent or given no reasons to explain why he ruled in the manner in which he did, that we would assume that he had complied with the *Gardner* standard.

As a result of our holding in *State* v. *Gardner*, 139 Vt. 456, 458, 433 A.2d 249, 250 (1981), interpreting 12 V.S.A. § 1608, all trial judges must exercise their discretion before permitting the credibility of a witness to be impeached by admitting evidence of conviction of crimes involving moral turpitude within fifteen years. In exercising this discretion we demand that the trial judge consider such factors as: (1) the nature of the proceeding, that is, whether it is civil or criminal; (2) whether the witness is or is not the defendant; (3) the nature of the crime to be used for impeachment; (4) the length of defendant's criminal record; (5) the length of time since the conviction; and (6) the relative importance of the defendant's own testimony. *Id.* at 460–61, 433 A.2d at 251.

But how can we know from a silent record if the trial judge has considered these factors, or has abused his discretion, or exercised it for clearly untenable reasons? The majority blithely declare:

If the record were silent, we could assume such compliance with a well-established and clearly stated standard, since there would be no showing that it had withheld discretion or exercised it for clearly untenable reasons or to an extent clearly untenable.

They then go on to state that the burden of proof is on the party alleging abuse of discretion to prove it. With this, I agree. However, I cannot agree to a holding which makes it potentially impossible to meet this burden. This is exactly what the majority opinion does by encouraging trial judges to maintain a silent record as to the basis for their decision to admit or exclude certain convictions.

It would not be too onerous a task for the trial judge to file written findings, or place its oral findings upon the record, so that the litigants, their counsel, and this Court would know the basis for the judge's ruling. A record which is silent as to the judge's findings may protect the trial judge's batting average on appeal, but it is manifestly unfair to the litigant who feels compelled to object to the admission of the criminal record. Moreover, it puts this Court in an impossible position to read the trial judge's mind.

I would require the judge to either file written findings of fact, or to put oral findings of fact upon the record, whenever called upon to make a discretionary ruling under 12 V.S.A. § 1608. V.R.Cr.P. 12(d) mandates "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Justice Larrow, commenting on V.R.Cr.P. 12 in his opinion for the Court in *State* v. *Murray,* 134 Vt. 115, 116, 353 A.2d 351, 353 (1976), stated:

> Although less rigorous than the requirement of V.R.Cr.P. 23(c) for findings of fact where a case is tried by court, it is intended to insure a record on appeal which delineates the factual basis on which the ruling of the court was made.

We should require no less here.

Chief Justice Billings joins in this concurrence.

Peck, J., dissenting. The majority view is predicated on the assumption that the trial court ignored all but one of the factors set forth in *State* v. *Gardner,* 139 Vt. 456, 460–61, 433

A.2d 249, 251–52 (1981), for its consideration before deciding whether to admit evidence of prior convictions for impeachment purposes. I believe this assumption is pure speculation and accordingly I respectfully dissent.

The opinion concedes that if the record were silent we could assume compliance with the *Gardner* standards. The real mistake made below, it seems, was in saying anything. Because the court referred to one of the factors, the majority leap nimbly to the conclusion that other factors were *not* considered; there is a fallacy in logic there somewhere. The ruling appears to be that if reference is made to one of the factors, the trial court must then proceed to put upon the record expressly a laundry list of all of the factors under pain of being stamped with an abuse or failure to exercise discretion, and suffer a reversal. Considering that we said also in *Gardner* that "[t]his discussion is by no means exhaustive. Many other facts may well be important in different situations," *id.* at 461, 433 A.2d at 252, the majority have impaled the trial courts upon the horns of a most unpleasant dilemma in deciding prior conviction questions. It has become a say-all or say-nothing choice.

The burden of showing an abuse of discretion, hitherto imposed squarely upon the party claiming it, *Ohland* v. *Ohland*, 141 Vt. 34, 39, 442 A.2d 1306, 1309 (1982), has been seriously wounded if not slain for purposes of these cases. But all is not lost; in the alternative, the majority are counselling the trial courts that it is acceptable if they say nothing—give no reason at all for their decision; otherwise the complete litany, the limits of which are not yet defined, must be recited.

In my view the several *Gardner* factors were on the record before the trial court. Moreover, *Gardner* was brought to the court's attention by defense counsel, if it was not already aware of it. The mere fact that all the criteria were not addressed expressly does not justify the assumption that they were ignored simply because one of them was discussed. I would affirm.