## State of Vermont v. Paul DeJoinville

[496 A.2d 173]

No. 84-180

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 3, 1985

604

*Jeffrey L. Amestoy,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Nancy E. Kaufman,* Montpelier, and *Charles S. Martin,* Barre, for Defendant-Appellant.

**Hill, J.** Defendant, Paul DeJoinville, appeals his conviction for sexual assault of his eleven-year-old daughter in violation of 13 V.S.A. § 3252(3). We affirm.

Viewed in the light most favorable to the State, *State* v. *Gilman,* 145 Vt. 84, 85, 483 A.2d 598, 599 (1984), the evidence presented at trial reveals that the victim was sexually assaulted after school by her father. Although the defendant was convicted for only one assault, the victim's testimony indicated that these assaults occurred with frequency over the course of about a year. The defendant denied having ever assaulted his daughter and claimed she made this up to enable her to move out of the house.

The defendant's first claim on appeal is that the trial court committed plain error in permitting certain expert testimony. At the trial, the prosecution called the victim's pediatrician to testify. The court qualified him as a doctor and also as an expert on child abuse. Part of his testimony was that based on his experience, children wouldn't lie about being sexually abused. The prosecutor twice reiterated the substance of this testimony to the jury in his arguments. The doctor also testified that it was not unusual for a young victim of sexual assault to refrain from reporting the incident for some time. He further testified that, in instances of sexual assault on a child, it is not unusual that the incident involves the child's parent, and that, in such cases, when an assault by a father is discovered, the mother is "often put in a role of protector to the father."

The defendant asks us to characterize these state-

ments as testimony on the credibility of the witness involved, and find that as such they were improperly admitted into evidence. See, e.g., *State v. Taylor*, 663 S.W.2d 235, 239 (Mo. 1984). No objection was made during the trial either to the expert's testimony, or to the prosecutor's remarks concerning the testimony. Reversal is thus justified only if we find that plain error occurred in the court's failure to exclude these statements sua sponte. V.R.Cr.P. 52(b). We will find plain error "only in rare and extraordinary cases." *State v. Turner*, 145 Vt. 399, 403, 491 A.2d 338, 340 (1985). "[T]he error must be obvious and strike at the very heart of defendant's constitutional rights or result in a miscarriage of justice if we were to fail to recognize it." *Id.; State v. Anderkin*, 145 Vt. 240, 245, 487 A.2d 142, 144 (1984). Applying this standard to the facts of the instant case, we find no plain error in the court's failure sua sponte to exclude the testimony and the remarks of the prosecutor. The defendant has thus waived any claim of error he may have had in this regard. *State v. Anderkin*, *supra*, 145 Vt. at 245, 487 A.2d at 144.

The defendant's next claim is that the trial court erred in permitting him to be impeached with a prior conviction for welfare fraud. "Prior convictions involving crimes of 'moral turpitude' may be admitted to test credibility." *State v. Boucher*, 144 Vt. 276, 279, 478 A.2d 218, 220 (1984); see 12 V.S.A. § 1608; V.R.E. 609. The admission of prior convictions for this purpose is subject to the discretion of the trial court, *id.* at 280, 478 A.2d at 220; *State v. Gardner*, 139 Vt. 456, 458, 433 A.2d 249, 251 (1981), which must determine "whether the probative value of such evidence is outweighed by its prejudicial effect." *State v. Boucher*, *supra*, 144 Vt. at 280, 478 A.2d at 220; accord *State v. Gardner*, *supra*, 139 Vt. at 460, 433 A.2d at 251. In *Gardner*, we set forth some factors to guide the trial courts in making this determination. 139 Vt. at 460–61, 433 A.2d at 251–52.

The defendant alleges that admission of his prior conviction for welfare fraud was unduly prejudicial and therefore should have been excluded. Although we again decline, as we did in *Boucher*, to alter the rule enunciated in *Gardner* and adopted by V.R.E. 609, we continue to recognize that "the

probative value of prior crimes for evaluating credibility is suspect at best." *State* v. *Shattuck,* 141 Vt. 523, 530, 450 A.2d 1122, 1125 (1982), *quoted in Boucher, supra,* 144 Vt. at 280, 478 A.2d at 220. Nonetheless, in the present case, as in *Boucher,* the outcome hinged largely on the credibility of two of the witnesses involved. Under such circumstances, we recognize that there are greater, not less, compelling reasons for exploring all avenues which would shed light on which of the two witnesses is to be believed. *State* v. *Boucher, supra,* 144 Vt. at 281, 478 A.2d at 221.

In balancing the prejudicial effect of the prior conviction against its probative value, we find no abuse of discretion in the trial court's decision to admit the evidence.

*Affirmed.*