## State of Vermont v. John Covell, Sr.

[503 A.2d 542]

No. 83-539

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed October 25, 1985

*Martha M. Smyrski*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Nancy E. Kaufman*, Montpelier, and *Charles S. Martin*, Barre, for Defendant-Appellant.

**Hill, J.** The defendant, John Covell, Sr., appeals his conviction for aggravated assault, a violation of 13 V.S.A. § 1024(a)(1). We reverse and remand for a new trial.

This case arose out of an incident which occurred one evening outside a bar in Rutland. The complaining witness testified that he left the bar and was called over to a small car parked nearby. The defendant, who was behind the wheel of the car, allegedly began calling him "very filthy names" in an effort to provoke him. The complaining witness claimed that he then turned to go back across the street and was struck from behind. He testified that he fell to the pavement and was kicked in the face by the defendant. The next thing he remembered was waking up in the hospital. Companions of the complaining witness who were with him at the time corroborated his testimony.

The defendant testified to a substantially different sequence of events. He claimed he left the bar with his wife and a friend and, after getting into his car, was blocked from leaving by the complaining witness and his companions. He testified that the complaining witness then approached his car, exchanged words with him and spat in his face. The defendant then allegedly told his wife and friend to leave and he got out of his car. The defendant claims he struck the complaining witness because the complaining witness threatened him and the defendant was afraid he was armed. The defendant admitted that he pinned the complaining witness down and punched him until he felt him relax. The defendant's wife and his friend corroborated the defendant's testimony as to the events leading up to the fight.

The defendant's first claim on appeal is that the court erred in refusing to allow him to impeach the complaining witness's credibility with evidence of a recent conviction for attempting to receive stolen property. We agree.

Under Vermont law, subject to the discretion of the trial court, the conviction of a crime involving moral turpitude within fifteen years may be used as evidence to impeach the credibility of a witness. *State* v. *Gardner,* 139 Vt. 456, 459-60, 433 A.2d 249,

251 (1981); 12 V.S.A. § 1608; V.R.E. 609. In this case, the court properly excluded some of the complainant's prior convictions because they were not for crimes involving moral turpitude, and others because they were more than 15 years old. 12 V.S.A. § 1608; V.R.E. 609. It also excluded, however, evidence of a recent conviction for attempting to receive stolen property[1] because it determined the use of that evidence for impeachment purposes might preclude the complaining witness from testifying. There was no basis for the court's exclusion of the evidence on this ground.

Rule 609(a) of the Vermont Rules of Evidence states as follows:

> (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime involved moral turpitude. Admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs its prejudicial effect.

V.R.E. 609(a).[2] The Vermont rule is essentially a codification of 12 V.S.A. § 1608[3] as interpreted by court decision.[4] In *Gardner*, this Court set forth a number of factors trial courts should use in

---

[1] Under some circumstances, the receipt of stolen property will be a crime involving moral turpitude. *State* v. *LaPlante*, 141 Vt. 405, 410, 449 A.2d 955, 957 (1982). We find no error in the court's implicit characterization of this conviction as one involving moral turpitude.

[2] This rule differs in some respects from rule 609(a) of the Federal Rules of Evidence. Under the federal rule, a witness's credibility may be impeached (1) with a conviction for a felony when the court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant; or, (2) with a conviction for a crime involving "dishonesty or false statement regardless of the punishment." F.R.E. 609(a).

[3] 12 V.S.A. § 1608 states:

> A person shall not be incompetent as a witness in any court, matter or proceeding by reason of his conviction of a crime other than perjury, subornation of perjury, or endeavoring to incite or procure another to commit the crime of perjury. The conviction of a crime involving moral turpitude within fifteen years shall be the only crime admissible in evidence given to affect the credibility of a witness.

[4] This Court has interpreted 12 V.S.A. § 1608 as "establishing the outer boundary of admissibility." *Gardner, supra,* 139 Vt. at 459, 433 A.2d at 251. A trial court may, in its discretion, exclude evidence falling within the statutory boundaries if its " 'probative value is overwhelmed by its probable improper prejudicial effect.' " *Id.* at 460, 433 A.2d at 251 (quoting *Quazzo* v. *Quazzo,* 136 Vt. 107, 110, 386 A.2d 638, 640 (1978)).

determining whether to exclude evidence of a witness's prior conviction because of its prejudicial effect. See *Gardner, supra,* 139 Vt. at 460-61, 433 A.2d at 251-52; see also V.R.E. 609, Reporter's Notes at 386. We noted that "the greatest danger of prejudice exists when the witness to be impeached is the defendant in a criminal trial. It is then necessary for the trial court to exercise its discretion most carefully . . . ." because of the chilling effect such evidence has on the defendant's right to testify on his own behalf. *Gardner, supra,* 139 Vt. at 460-61, 433 A.2d at 251-52; see also *State* v. *Jarrett,* 143 Vt. 191, 194, 465 A.2d 238, 240 (1983) (probative value of conviction for impeachment must be weighed against chilling effect on right of *defendant* to testify).

We reaffirm our commitment to this interpretation of V.R.E. 609(a). The witness in this case, however, was not the defendant. Contrary to the lower court's determination, the use of a conviction for the impeachment of a complaining witness does not implicate these same constitutional concerns. See *United States* v. *Nevitt,* 563 F.2d 406, 409 (9th Cir. 1977) (court noted difference between defendant and prosecution witness in weighing prejudice and probative value of prior conviction for purpose of impeachment). Thus, when the court excluded evidence of the complainant's recent conviction for attempting to receive stolen property *solely because* such evidence might have a chilling effect on the complaining witness's testimony, it committed an error of law.

Having determined that the court erred in excluding the conviction of the complaining witness, we now address whether such error requires reversal.

■    The discretion of a trial court to restrict the impeachment of a key prosecution witness with evidence reflecting on his credibility is limited by the requirements of the Due Process Clause of the Fourteenth Amendment and the Confrontation Clause of the Sixth Amendment to the United States Constitution, see *Davis* v. *Alaska,* 415 U.S. 308, 315-20 (1974); *State* v. *Chaisson,* 123 N.H. 17, 30, 458 A.2d 95, 102-05 (1983); 3 J. Weinstein, *Weinstein's Evidence* ¶ 609[06], at 609-89 (1985), as well as by Chapter I, Article 10 of the Vermont Constitution. Consequently, a trial court must be particularly cautious in exercising its discretion to preclude impeachment evidence offered by a defendant.

Furthermore, where, as here, the outcome hinges largely on the credibility of the witnesses, evidence concerning credibility is particularly important. "Under such circumstances, we recognize

that there are greater . . . compelling reasons for exploring all avenues which would shed light on which of the two witnesses is to be believed." *State* v. *DeJoinville,* 145 Vt. 603, 606, 496 A.2d 173, 175 (1985) (citing *State* v. *Boucher,* 144 Vt. 276, 281, 478 A.2d 218, 221 (1984)).

■ "Error in the restriction of a defendant's cross-examination of a government witness has constitutional implications and, therefore, we must be extremely hesitant in brushing aside such error as harmless." *United States* v. *Ortega,* 561 F.2d 803, 806 (9th Cir. 1977). We hold that, on the facts of this case, the court's erroneous exclusion of impeachment evidence was prejudicial. The defendant's conviction must be reversed and a new trial, at which the court must apply the proper balancing test under V.R.E. 609, is required.

Because reversal is required based on defendant's first claim on appeal, defendant's other claims will not be addressed.

*Reversed and remanded.*