## State of Vermont v. James E. Ashley

[623 A.2d 984]

No. 92-180

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed March 12, 1993

*Jo-Ann L. Gross*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Robert Paolini* and *Charles Martin* of *Martin & Paolini, P.C.*, Barre, for Defendant-Appellant.

**Dooley, J.** Following a jury trial, defendant appeals from a conviction on two counts of sexual assault, 13 V.S.A. § 3252(a)(3), and raises four issues. We consider only the issues related to the admission of "bad acts" evidence and the impeachment of defendant's credibility through the introduction of prior criminal convictions, and find error in the latter issue. We reverse and remand.

The information charged defendant with two counts of sexually assaulting the 13-year-old daughter of the woman with whom he had lived for the prior seven years. The two incidents allegedly occurred between August 1, 1991 and September 29, 1991 and involved oral sexual contact between defendant and complainant. The case was tried in February of 1992 and resulted in a guilty verdict on both counts.

The first issue relates to the State's "bad act" evidence, which showed that the sexual assaults had begun in 1985, when the complainant was seven years old, and continued until 1991. The evidence described the similarity of most of the incidents, as well as defendant's instruction that the complainant not disclose the abuse. Defendant argues that the evidence should have been excluded under V.R.E. 404(b) as propensity evidence. We have held in similar cases that evidence of prior acts is admissible for nonpropensity purposes. See *State v. Cardinal*, 155 Vt. 411, 414, 584 A.2d 1152, 1154–55 (1990) (victim's state of mind in not disclosing the sexual abuse and defendant's modus operandi); *State v. Parker*, 149 Vt. 393, 399, 545 A.2d 512, 516 (1988) (motive, plan and intent). The State offered the evidence for such purposes here.

■■ The real issue is whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. See V.R.E. 403. Crucial concerns affecting the probative value of the evidence are the proximity in time of the prior acts and the crime charged, and the degree of similarity between them. See *State v. Catsam*, 148 Vt. 366, 382, 534 A.2d 184, 194 (1987). Here, there was a continuous series of similar acts right up to the time of the incidents in question. This pro-

vides a significant nexus between the acts for which defendant was charged and the prior acts disclosed by the evidence. See *id.* at 381–82, 534 A.2d at 194; *State v. Johnson*, 158 Vt. 344, 352–53, 612 A.2d 1114, 1118–19 (1992); cf. *State v. Hurley*, 150 Vt. 165, 169, 552 A.2d 382, 385 (1988) (two instances ten and twelve years earlier too remote). Thus, there was no error in allowing the "bad acts" evidence.

■ Defendant also attacks the admission of this evidence because the court failed to specify which Rule 404(b) exception applied and failed to give a limiting instruction. The purposes for admission were specified in the State's response to defendant's motion in limine and are apparent from our earlier cases; moreover, the rule does not require the court to specify the grounds for admission. Defendant failed to request a limiting instruction or to object to the absence of one and has waived this issue. See *State v. Holcomb*, 156 Vt. 251, 256, 590 A.2d 894, 896–97 (1991).

Next, defendant contends that the trial court should not have allowed the State to impeach him by presenting his entire conviction record. Prior to trial, the State gave notice that it intended to impeach defendant with his conviction record. That record showed that he had been convicted of false token in 1978, forgery in 1980, burglary in 1988, possession of a regulated drug in 1988, and false pretenses in 1981 and 1990. The false pretenses convictions involved four separate cases and thirteen counts. Thus, the State sought to place seventeen convictions before the jury to impeach defendant's credibility. Defendant objected, and the court ruled that all but the regulated drug conviction could be used. Defendant took the stand at trial, and the State brought out the sixteen convictions on cross-examination.

V.R.E. 609 authorizes impeachment by evidence of conviction of certain types of crimes. As amended in 1989, the rule requires that the crimes either be felonies or involve "untruthfulness or falsification," V.R.E. 609(a)(1), (2), and that the convictions have occurred within the fifteen years immediately prior to trial. V.R.E. 609(b). It is undisputed that the sixteen convictions admitted in this case met these standards.

A determination as to whether this evidence was properly allowed also requires balancing the probative value of the con-

victions regarding defendant's credibility against the prejudicial effect to the defendant. For offenses involving untruthfulness or falsification, the balance is stated as whether "the probative value of admitting this evidence is substantially outweighed by the danger of unfair prejudice." V.R.E. 609(a)(1). For other felony convictions, the balance is set at whether "the probative value of this evidence substantially outweighs its prejudicial effect." V.R.E. 609(a)(2). The difference in approach based on the nature of the convictions reflects a determination that convictions involving untruthfulness or falsification, whether or not felonies, "are of the highest relevance in determining credibility." Reporter's Notes to 1989 amendment to V.R.E. 609. The distinction was added in 1989 and makes it easier to admit convictions based on untruthfulness or falsification and harder to admit other convictions. *Id.* The 1989 amendment also added a requirement that the court "articulate on the record the factors considered in making its determination." V.R.E. 609(a).

The factors to be considered have been developed in a series of decisions of this Court and were not changed by the 1989 amendment. See Reporter's Notes to 1989 amendment to V.R.E. 609. The leading case is *State v. Gardner*, 139 Vt. 456, 433 A.2d 249 (1981), a pre-rule decision which first announced the balancing test. It concluded that the most important factor was the nature of the case, requiring the court to "exercise its discretion most carefully" in criminal cases where the witness to be impeached is the defendant. *Id.* at 460, 433 A.2d at 251. Also to be considered are (1) the nature of the crime for which the defendant was convicted, especially if it was similar to the crime for which the defendant is on trial; (2) the length of defendant's criminal record; (3) the length of time that has passed since the conviction; and (4) the relative importance of the defendant's testimony. *Id.* at 460–61, 433 A.2d at 251–52.

We reaffirmed the *Gardner* factors most recently in *State v. Goodrich*, where we stressed that "impeachment by prior convictions is 'extremely prejudicial to the defendant in a criminal case.'" 151 Vt. 367, 372, 564 A.2d 1346, 1349 (1989) (quoting *Gardner*, 139 Vt. at 458, 433 A.2d at 250); see also *State v. Bushey*, 142 Vt. 507, 510–11, 457 A.2d 279, 281 (1983) (use of

former convictions practically deprives criminal defendant of presumption of innocence and inevitably prejudices the jury against defendant). We also reiterated that failure to adequately consider each *Gardner* factor would be grounds for reversal. *Goodrich*, 151 Vt. at 374–75, 564 A.2d at 1350–51.

Three factors are central to our holding here. The first is the number of convictions that were admitted. *Gardner* noted that an extensive recitation of convictions "is likely to be highly prejudicial." 139 Vt. at 461, 433 A.2d at 251–52. Thus, the court should consider limiting the number of convictions to be used where defendant has a lengthy record. *Id.* An extensive recitation of prior convictions was allowed here.

The second factor is the age of the convictions. As *Gardner* noted, older convictions are less relevant to defendant's credibility at trial. *Id.* Three of the convictions were over ten years old in this case. The burglary conviction, which did not involve untruthfulness or falsification, was over four years old.

The third factor is the relative need of the defendant to testify and the State to impeach defendant with the convictions. *Gardner* stressed that where defendant has no means of defense but his testimony, and will be deterred from testifying by the impeachment, the court may want to exclude the convictions. *Id.* The court should also consider whether the State has another means to impeach the defendant's credibility. *Id.* In later cases, we have concluded that when a criminal case comes down to a credibility contest between defendant and complainant, there is a greater need to allow the convictions to show all information bearing on credibility. See *State v. Boucher*, 144 Vt. 276, 281, 478 A.2d 218, 221 (1984).

Both sides claim that this factor favors their position. Defendant points out that he had to testify to rebut the victim's testimony and that the force of the testimony was undermined by the admission of the convictions. The State argues that this case came down to a credibility contest between defendant and the victim, that there was no other opportunity to impeach defendant, and that there is a special need for this evidence in sexual assault cases. Although the relative credibility of defendant and complainant were central to the case, the evidence of prior convictions greatly undermined defendant's testimony, while there was other evidence in support of the State's posi-

tion, including an expert on the behavior of child sexual abuse victims. A neighbor testified to viewing inappropriate behavior between defendant and the complainant, and a lab analysis showed evidence of semen on a bedspread, where complainant had testified that defendant ejaculated. In light of all the evidence, we see no special reason to allow the conviction evidence. Nor do we see any grounds for special rules for sexual assault cases.

■ ■ The trial court's ruling on this evidence was discretionary and must be upheld if there was a reasonable basis for it. *State v. Goodrich*, 151 Vt. at 375, 564 A.2d at 1351. We cannot find a reasonable basis for the ruling in this case. On balance, the *Gardner* factors pointed to exclusion of some of the convictions, especially some of the older convictions and the burglary conviction, which was of limited probative value. The trial court did not engage in the complete analysis of the factors that our cases require. The court found that the crimes for which defendant was convicted were dissimilar from that for which defendant is charged, and that they occurred within fifteen years of the trial. Its balancing analysis simply concluded that because the evidence was relevant "and credibility will be a large issue, the State should be entitled to use that." There was no consideration of the age of the convictions as a balancing factor, the large number of convictions, or the limited probative value of the burglary conviction. This is the kind of "short shrift" consideration of the *Gardner* criteria we have found inadequate in the past. See *id.* at 375, 564 A.2d at 1350–51.

In this Court, the State is candid in its view that defendant's convictions represent the "height of dishonesty" based on a "long history of misrepresentation, untruthfulness and manipulation." If a jury accepts this view, the rest of defendant's testimony would be valueless, and he would have no realistic opportunity to confront the witnesses against him. It is exactly this danger that the court must avoid by excluding all or part of the conviction evidence.

There is no likelihood that the other issues will recur, and we have not considered them.

*Reversed and remanded.*