Lankin v. Stasik, No. S1263-03 CnC  (Norton, J., Jan. 25, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                        SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S1263-03 CnC


LANKIN

v.

STASIK


ENTRY

In an eviction proceeding, defendant tenant seeks to exclude evidence of his prior criminal convictions, which plaintiff landlord plans to introduce at trial.  Landlord argues that the tenant's criminal record is necessary for two reasons: 1) to demonstrate that the eviction was not retaliatory; and 2) to show tenant's bad character.  Landlord argues that the convictions are admissible under the rules of evidence.  The court disagrees with landlord for the following reasons.

In 2001, tenant was convicted of possessing three pieces of child pornography. There is some dispute whether tenant told landlord that he had a criminal record when applying for the apartment or whether he hid that information. Regardless, landlord clams that he did not learn about the nature of the tenant's prior convictions until after he sought to evict the tenant. The convictions, in and of themselves, do not constitute grounds for eviction or termination of the lease. The nature of tenant's crime is such that its introduction into court could do nothing but reflect negatively on tenant.

The first purpose for which landlord seeks to offer this evidence is to rebut tenant's claim of retaliatory eviction. See Houle v. Quenneville, 173 Vt. 80, 90–91 (2001). The relevance of this evidence as rebuttal, however, is undercut by the fact that this eviction process began before landlord ever knew about the convictions. That the criminal convictions do not amount to a breach of the lease and do not relate to the problems that arose between landlord and tenant concerning habitability issues further raise questions about its relevance. To the extent that the convictions might give some post hoc rationale, its probative value is far outweighed by its prejudice to the tenant and its potential to mislead the jury. V.R.E. 403. Despite the landlord's present feelings, the objective facts of this case are that he was not aware of this incriminating evidence when he began to evict tenant. This evidence will not dispute those facts, but it will provoke the jury to consider tenant in an unfair light. State v. Bruyette, 158 Vt. 21 (1992). The evidence of tenant's prior criminal convictions is therefore not admissible under V.R.E. 403.

As to landlord's second proposed use of the evidence as impeachment or character evidence. The applicable rule, V.R.E. 609 (a), states that "evidence that the witness has been convicted of a crime shall be

admitted if elicited from the witness or, if denied . . . by extrinsic evidence." The conditions on using such evidence require that the underlying crime be either one of untruthfulness—i.e., one whose statutory elements necessarily involve untruthfulness—or a felony. <u>Id</u>. The court must also apply a balancing test to determine whether the prejudicial effect of the conviction outweighs its probative value. See, e.g., <u>State v. Ashley</u>, 160 Vt. 125, 128 (1993) (listing four factors to consider). This is essentially the same analysis as before for Rule 403. The potential probative value of this evidence, to discredit tenant's testimony, is far outweighed by the potential prejudice to tenant. This proposed use is akin to using a sledgehammer to swat a fly. It would certainly discredit tenant but not necessarily for the right reasons. Much of the power of using tenant's crime comes from the social stigma that attaches to the crime. It is not a crime of particular untruthfulness, nor is it relevant to tenant's testimony. Its power is one of shock value and promises only to mislead. For these reasons, the evidence of tenant's convictions is not admissible for impeachment or character evidence.

Based on the foregoing, tenant's motion in limine is granted.


Dated at Burlington, Vermont_____, 2005.



_____
Judge