2010 VT 110

**STATE of Vermont v. William BREWER, Jr.**

[12 A.3d 554]

No. 09-390

¶ 1. December 14, 2010. Defendant appeals his conviction for first degree aggravated domestic assault, arguing the trial court violated Vermont Rule of Evidence 609 by denying his motion to exclude evidence of his previous conviction for obstruction of justice. The court ruled that the State could use the prior conviction for impeachment purposes should defendant choose to testify. We affirm.

¶ 2. The facts are uncontested on appeal. Defendant was charged with unlawful restraint, first degree aggravated domestic assault, and first degree aggravated domestic assault with a weapon, all stemming from an altercation he had with his then-girlfriend, complainant. Defendant and complainant met through a drug and alcohol rehabilitation program and dated on and off for about a year. He moved in with her and had lived in her apartment for about a month when, in December 2008, police responded to a 9-1-1 call reporting domestic violence. Upon arrival, the police separated complainant and defendant, who were the only two people in the apartment. Complainant, who had red marks on her neck, alleged that defendant had choked her to the point of suffocation. Defendant was visibly drunk and yelling. The police ultimately took him into custody and charged him with the above-referenced crimes.

¶ 3. A few weeks before trial, the State filed a notice of intent to offer evidence of other criminal offenses at defendant's trial. Specifically, the State wished to present evidence of defendant's prior convictions for domestic assault, aggravated domestic assault, petty larceny, furlough escape, and obstruction of justice, among other charges. Defendant filed a motion opposing admission of any of the prior convictions, either as character evidence or for impeachment purposes. In ruling on this in limine motion on the day of trial, the judge determined that the bulk of the earlier convictions would be prejudicial to defendant and would not be

admitted. On the obstruction of justice charge, however, the judge ruled it "goes to credibility" and thus could come into evidence to impeach defendant "if he testifie[d]." Defendant maintained his objection.

¶ 4. The State ultimately tried defendant for first degree aggravated domestic assault and dismissed the other two charges. At trial, the two responding police officers testified, as did complainant. Defense counsel cross-examined all the witnesses, stressing the lack of physical evidence of any violence at the apartment, complainant's history of alcohol abuse, and the fact that she had been drinking on the night in question. Defendant did not testify or present any witnesses. The jury returned a verdict of guilty, and defendant appeals.

¶ 5. Defendant argues that the trial court erred in ruling that his earlier conviction for obstruction of justice could be used to impeach his credibility in the event he testified. He claims the trial court abused its discretion by allowing the conviction to be admitted pretrial because the court failed to appropriately balance the conviction's probative value against its prejudicial impact as Vermont Rule of Evidence 609 requires. Defendant does not claim the ruling denied him his ability to present a complete defense or that it violated his right to be free from self-incrimination.

¶ 6. The State responds to defendant's claims in two ways. First, the State contends that defendant is precluded from raising this issue on appeal because, under *Luce v. United States*, 469 U.S. 38 (1984), his failure to testify prevents this Court from reviewing his claim of prejudice. Second, the State posits that the trial court's decision was within its sound discretion. We decline to reach the *Luce* argument, principally because we find this issue can be more readily decided on an evidentiary basis. See *State v. Martin*, 2007 VT 96, ¶ 47, 182 Vt. 377, 944 A.2d 867; *State v. Setien*, 173 Vt. 576, 577, 795 A.2d 1135, 1138 (2002) (mem.).

¶ 7. In reviewing a trial court's grant of a pretrial evidentiary motion, we will affirm absent an abuse of discretion. *Setien*, 173 Vt. at 577, 795 A.2d at 1138. As an initial matter, we note that the trial court could properly admit defendant's prior obstruction of justice charge under Rules 609(a)(2) and 609(b), as it was a felony committed within fifteen years of the trial. See 13 V.S.A. § 3015 (defining obstruction of justice and noting maximum penalty of five years imprisonment); 13 V.S.A. § 1 (defining felony as crime with maximum sentence greater than two years incarceration). As such, the language of Rule 609(a)(2) cabins the trial court's exercise of discretion, permitting admission of a prior conviction so long as its probative value "substantially outweighs its prejudicial effect." The trial court must assess probative value and prejudice in accordance with the factors set forth in *State v. Gardner*, 139 Vt. 456, 460, 433 A.2d 249, 251 (1981). As this is "a criminal case where the witness subject to impeachment is the defendant," the court must consider at least four factors: (1) the nature of the crime sought to be used for impeachment; (2) the length of the defendant's criminal record; (3) the age of the proffered conviction; and (4) the relative importance of the defendant's testimony and the availability of alternative means of impeachment. *Martin*, 2007 VT 96, ¶ 48. These four *Gardner* factors are not exhaustive but provide guidance for ensuring that when the witness to be impeached is the defendant, the trial court "exercise[s] its discretion most carefully." *Gardner*, 139 Vt. at 460, 433 A.2d at 251.

¶ 8. The first *Gardner* factor to consider is the "nature of the crime to be used for impeachment." *Id.* Prior crimes "involving dishonesty or falsehood" are more relevant to credibility than "[s]udden crimes of violence." *Id.* The Rules of Evidence illustrate this point as they essentially shift the burden of admissibility

to the opponent where the proffered conviction has "statutory elements [that] necessarily involve untruthfulness or falsification." V.R.E. 609(a)(1); Reporter's Notes — 1989 amend., V.R.E. 609; see also *State v. Ashley*, 160 Vt. 125, 127-28, 623 A.2d 984, 986 (1993). We have also recognized the "especially severe possibility of prejudice" where "the crime to be introduced for impeachment is similar to or the same as the crime for which the defendant is accused." *Gardner*, 139 Vt. at 460-61, 433 A.2d at 251. Here, in ruling on the in limine motion, the judge recognized that obstruction of justice "goes to credibility because the essence of it is preventing the Court from engaging in a search for the truth without being impeded." He also noted that the charge "has nothing to do with domestic violence." Defendant argues that his conviction for obstruction of justice does not necessarily involve an element of untruthfulness or falsification, but the necessity of this element is considered only under Rule 609(a)(1) and thus is not vital to admission under 609(a)(2). We find the trial court properly considered this factor.

¶ 9. In a similar vein, the second factor in *Gardner* is the length of the defendant's criminal record. *Gardner*, 139 Vt. at 461, 433 A.2d at 251-52. Here, the trial court denied the State's request to have additional prior convictions admitted because they did not involve credibility and raised concerns of prejudice because of their cumulative impact. Following the guidance of *Gardner*, the trial court "limit[ed] the number of convictions that may be shown to impeach," to the one conviction for obstruction of justice. *Id.* at 461, 433 A.2d at 252. The third factor is the "length of time that has passed since the conviction." *Id.* Defendant raised the age of his obstruction of justice conviction at the hearing on the motion, suggesting that the court "be more skeptical" about admitting it. Though the trial court did not directly address this specific issue in

its ruling, beyond noting that the offense happened less than fifteen years earlier, under the circumstances we do not view this as error.

¶ 10. Defendant's main argument comes with regard to the fourth factor in *Gardner*: "the relative importance of the defendant's testimony and the need for impeachment by prior conviction." *Gardner*, 139 Vt. at 461, 433 A.2d at 252. Defendant chose not to testify — as was his constitutional right — and made no offer of proof as to what his testimony might have been nor how admission of his prior conviction would have hurt that testimony. As we have noted in similar cases in the past, we cannot determine the potential prejudice of such evidence where the defendant has made a "tactical decision" not to present testimony that would give rise to the actual introduction of the allegedly harmful evidence. *State v. Koveos*, 169 Vt. 62, 71, 732 A.2d 722, 728 (1999) (noting that defendant's series of hypothetical questions to trial court about permissible scope of examination were insufficient to provide for appellate review); cf. *Setien*, 173 Vt. at 578, 795 A.2d at 1138 ("The trial court exercised its discretion appropriately [in allowing prior conviction to be used for impeachment if defendant testified], particularly where defendant failed to make an offer of proof supporting his asserted need to testify in his own defense.").

¶ 11. Defendant contends that the trial court's failure to address alternative methods of impeachment constituted an abuse of discretion requiring reversal. We simply cannot follow defendant's reasoning on this point. Absent any offer of proof as to how defendant would have testified — and no specific objection to the trial court's in limine ruling during trial or before defendant rested — we cannot expect the lower court to have read defendant's thoughts and presciently made a ruling thereon. Moreover, where a trial turns on issues of witness credibility, as it

did here, "all avenues which would help the jury determine whether to believe the victim[] or defendant, assuming defendant decided to testify," should be explored. *Setien*, 173 Vt. at 578, 795 A.2d at 1138. Defendant's argument is further belied by his own admission that he was too drunk to remember any of the events of the incident in question. At his sentencing hearing he told the court he "[did]n't remember what happened that night" because he had consumed so much alcohol. Indeed, his attorney suggested that defendant did not remember what happened and referenced the fact defendant thought he had been arrested "for disorderly conduct when he woke up in jail." If defendant was too drunk to remember the events leading to his arrest, it is hard to imagine how he would have managed to testify credibly at all, even absent evidence of his prior conviction. We find no abuse of discretion in the trial court's ruling and no merit to defendant's claims.

*Affirmed.*