## State of Vermont v. Daniel Emerson

[541 A.2d 466]

No. 84-604

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed August 14, 1987

Motion for Reargument Denied January 5, 1988

*Shelley A. Hill*, Windsor County State's Attorney, White River Junction, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from a conviction of sexual assault and possession of a deadly weapon. He contends that the trial court erred in failing to order a pretrial lineup, that the prosecutor's closing argument irreparably prejudiced his right to a fair trial, and that his prior convictions should not have been used for impeachment purposes at trial. We disagree and affirm.

On the evening of the alleged assault, the complainant was shown an array of eight photographs, one of which was a photograph of the defendant. She was advised by the two investigating police officers that a positive identification was needed, and that she should take as much time as necessary to make a selection. She was not told whether the defendant's photograph was among those in the array. During the actual display of the photo array, no gestures were made to the complainant and no conversation between the officers and the complainant took place. The complainant selected two photographs and told the police "It's one of those," but was unable to state which of the two was the photograph of the assailant.

The defendant filed a motion to suppress the identification claiming that the photo array was impermissibly suggestive, in violation of his due process rights, and that the procedure employed gave rise to a substantial likelihood of misidentification. Defendant's motion to suppress requested that the out-of-court

identification as well as any in-court identification be suppressed, and "[a]lternatively, in the event that the Court denies the requested relief . . . , that the Court order a lineup for the purposes of an identification by [complainant] of her alleged assailant."

Following a hearing on the motion, the court concluded that there was nothing suggestive about the composition of the photo array or the manner in which the police presented the photo array to the victim for viewing. The court further concluded that a physical lineup was not a requirement. Defendant's motion was denied. Neither the out-of-court photo array nor a subsequent in-court identification were suppressed.

■ We must decide first whether the issue of defendant's alternative request for a lineup is properly before this Court by determining whether the trial court ruled on that request. Although the State correctly argues that requested relief is abandoned when it is not pursued to a ruling, *State* v. *Foy*, 144 Vt. 109, 117, 475 A.2d 219, 225 (1984), the relief requested in this case was pursued to a ruling. In *Foy*, "*nothing in the record* suggest[ed] that defendant pursued his motion for a mistrial to a ruling." *Id.* (emphasis added). In the present case, the transcript of the pretrial motion hearing suggests the opposite, i.e., that the court had " 'a fair opportunity to consider, evaluate and rule upon' " defendant's request for a lineup, and that it ruled on defendant's request by denying his motion. See *id.* (quoting *State* v. *Kennison*, 135 Vt. 238, 240, 373 A.2d 556, 558 (1977)).

At the beginning of the motion hearing, the following inquiry took place:

> Court: So this was a photo lineup?
> A: That's correct, Judge.
> Court: You want a live lineup; is that it?
> A: That's correct. That would be the alternative relief requested.

The trial court, after concluding that the photo array was not suggestive, concluded that "although it may be preferable to use a physical lineup rather than a photo array when a suspect is available, it is not a requirement." We therefore disagree with the State's contention that the trial court did not address defendant's request for a lineup. We conclude that the denial of defendant's motion to suppress included a denial of his request for alternative

relief and that defendant's argument on appeal is ripe for our consideration.

■ Defendant's first claim on appeal is that the trial court erred by failing to order a lineup where substantial doubt existed concerning the complainant's ability to identify the defendant in a nonsuggestive setting. Defendant relies on the complainant's failure to choose between two photographs she selected in the pretrial photo array and argues that any subsequent in-court identification would necessarily be unreliable. Defendant claims that the trial court had a duty, upon defendant's request, to order a lineup under V.R.Cr.P. 41.1(k), and that the trial judge abused his discretion and committed reversible error by failing to justify his denial of the request for a lineup with adequate findings. The State argues that no abuse of discretion took place.

An examination of the propriety of the photo array is necessary in order to determine whether the trial court abused its discretion by not ordering a lineup. Even a suggestive pretrial identification procedure does not necessarily violate a defendant's right to due process. *State* v. *Kasper*, 137 Vt. 184, 192, 404 A.2d 85, 90 (1979). Before defendant's conviction can be reversed on grounds of an invalid pretrial identification procedure, the procedure must be shown to have been " 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " *United States* v. *Robertson*, 606 F.2d 853, 857 (9th Cir. 1979) (quoting *Simmons* v. *United States*, 390 U.S. 377, 384 (1968)); *Kasper*, 137 Vt. at 192, 404 A.2d at 90.

The trial court concluded that there was nothing suggestive about the composition of the photo array or the manner in which the investigating officers presented it to the complainant. The court's findings reveal that each photograph was black and white, uniformly numbered and framed, and approximately the same size. No photograph was more prominently displayed than any other, and no extraneous markings suggested which of the eight photographs was the defendant. Further, the court found that each subject in the eight photographs was physically similar. The court's findings adequately reflect that the array was not suggestive. Cf. *State* v. *Leavitt*, 133 Vt. 35, 38-39, 329 A.2d 627, 628-29 (1974).

The fact that the complainant narrowed the eight photographs to two, one of which was the defendant, does not render the array suggestive. The weight given to the conclusiveness of the com-

plainant's selection was an issue for the jury. " 'Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.' " *Kasper*, 137 Vt. at 192, 404 A.2d at 90 (quoting *Manson* v. *Brathwaite*, 432 U.S. 98, 116 (1977)). Any danger of misidentification is lessened by " 'a course of cross examination at trial which exposes to the jury the method's potential for error.' " *Brown* v. *Streeter*, 649 F. Supp. 1554, 1558 (D. Mass. 1986) (quoting *Sales* v. *Harris*, 675 F.2d 532 (2d Cir. 1982)). The record indicates that the complainant was subject to thorough questioning, on direct and cross-examination, regarding her selection of the photographs; the conclusiveness of complainant's selection was a question for the jury. See *United States* v. *Hudson*, 564 F.2d 1377, 1379 (9th Cir. 1977) (a prior identification, although equivocal, is entitled to such weight as the jury will give it after hearing testimony under direct and cross-examination); *State* v. *DeFoe*, 284 Minn. 110, 113-14, 169 N.W.2d 404, 406 (1969) (credibility of witness's in-court identification not destroyed by fact that witness had not chosen defendant's photograph in photo array).

V.R.Cr.P. 41.1(k) does not, as defendant contends, mandate that a trial court order a lineup under the circumstances present in this case. See *State* v. *Anderson*, 308 N.W.2d 42, 48 (Iowa 1981) (interpreting I.C.A. § 810.2; identical language in V.R.Cr.P. 41.1(k)). V.R.Cr.P. 41.1(k) directs the court to make a determination, upon defendant's request, whether nontestimonial identification procedures "will be of material aid in determining whether the defendant committed the offense . . . ."[1] Nontestimonial identification procedures include both photo arrays and lineups. V.R.Cr.P. 41.1(m)(3). The defendant's request for a lineup in this case, therefore, was actually a request for further nontestimonial identification procedures, given that the complainant had already

---

[1] V.R.Cr.P. 41.1 is based on proposed Federal Rule 41.1 (April 1971). Reporter's Notes, V.R.Cr.P. 41.1. Rule 41.1(k) provides that:

> A person arrested for or charged with an offense may request a judicial officer to order a nontestimonial identification procedure. If it appears that the results of specific nontestimonial identification procedures will be of material aid in determining whether the defendant committed the offense, the judicial officer shall order the state to conduct such identification procedure involving the defendant under such terms and conditions as the judicial officer shall prescribe.

selected defendant's photograph from two photographs included in the photo array.

A defendant has no constitutional right to a lineup. *United States* v. *Key*, 717 F.2d 1206, 1209 (8th Cir. 1983). The trial court's decision to require a lineup is discretionary, *United States* v. *Archibald*, 734 F.2d 938, 942 (2d Cir. 1984); *United States* v. *Brown*, 699 F.2d 585, 593-94 (2d Cir. 1983), and the court may consider the adequacy and propriety of other identification evidence in making its determination. *United States* v. *Estremera*, 531 F.2d 1103, 1111 (2d Cir.), *cert. denied*, 425 U.S. 979 (1976). In the absence of an abuse of discretion, denial of a motion for a lineup is not reversible error. *Robertson*, 606 F.2d at 857. Based on the court's findings and conclusions with respect to the non-suggestiveness of the photo array, we conclude that the trial court did not abuse its discretion by not ordering a lineup. In this case, the trial court need not have made separate findings with regard to its decision, since its findings with regard to the nonsuggestiveness of the photo array provided adequate support for not ordering a lineup.

We note that defendant did not challenge the reliability of the in-court identification at trial or on appeal. Defendant sought only to have it suppressed based on the allegedly suggestive photo array. Even had the court found the photo array to be suggestive, which it did not, our review of the evidence in this case leads to the conclusion that the in-court identification itself was reliable. See *State* v. *Savo*, 141 Vt. 203, 212-13, 446 A.2d 786, 791 (1982) (listing indicia of reliability under which the admissibility of in-court identification testimony are measured).

■ The defendant's second claim on appeal is that the prosecutor's rebuttal to defendant's closing argument irreparably prejudiced defendant's right to a fair trial. The alleged prejudicial comments concerned a knife identified at trial as defendant's. In the defense attorney's closing argument, he stated:

> There was no evidence presented by the State that the fingerprints on the knife were smudged or of such a quality that comparison could not be made. What would be better evidence of the critical issue; that is, whose hand held the knife when [complainant] was assaulted. There would literally be no better evidence than the fingerprint of that individual. It would be a piece of evidence that was undeniable,

that was irrefutable, and that would leave no doubt, no reasonable doubt, as to the identity of the assailant. It's the State's obligation to present proof where that proof will assist us in making a decision. The testimony was that there was a print on that knife. And there's been no evidence as to whose print that was.

In its rebuttal argument the State responded:

And the knife, Mr. Welch is right, we didn't present any testimony or evidence on the fingerprint on the knife. You know something? He's right about something else. The State has an obligation, an obligation which we take very seriously, to present all evidence to you that would help you make your decision. Even exculpatory evidence. And we didn't present any evidence to you on the fingerprints because in the State's considered opinion, that would not have assisted you in making a decision.

Implied in defense counsel's argument was that the State was not disclosing exculpatory evidence within its possession, by failing to present evidence about a fingerprint which defendant contends was found on the knife. Testimony at trial concerning the fingerprint was extremely limited.

Counsel should confine argument to the evidence of the case and inferences that can properly be drawn from it, and must avoid prejudicing the jury. *State* v. *Blakeney*, 137 Vt. 495, 504, 408 A.2d 636, 641-42 (1979). Defense counsel's argument was improper since no facts had been placed in evidence from which the jury could draw the inference that fingerprints on the knife were readable. See *Commonwealth* v. *Wright*, 255 Pa. Super. 512, 516-17, 388 A.2d 1084, 1086 (1978) (excluding reference to Commonwealth's failure to produce fingerprint evidence from defense counsel's summation was not error where no factual basis had been laid for the argument). As a result, the State's comments were permissible and within the bounds of rebuttal argument. V.R.Cr.P. 29.1; *State* v. *Kasper*, 137 Vt. at 210, 404 A.2d at 99.

The defendant's third claim on appeal is that the trial court abused its discretion by failing to exclude two of defendant's prior convictions in violation of *State* v. *Gardner*, 139 Vt. 456, 433 A.2d 249 (1981). The State gave the defendant notice of its intention to impeach his testimony with prior convictions in the

event he testified, and sought to use four prior convictions to do so. In its ruling on defendant's motion in limine seeking to exclude the use of the prior convictions for impeachment purposes, the trial judge excluded an earlier conviction for assault and robbery because it was a crime of violence and because the assault, although not sexual, "could have some prejudicial impact [on the jury]." The court indicated that it would allow the introduction of two convictions, false token and petit larceny. The State withdrew the fourth conviction it sought to introduce. Defendant did not testify at trial.[2]

Whether or not a defendant's prior convictions should be admitted for impeachment purposes is a matter of discretion for trial courts. *State* v. *Gardner*, 139 Vt. at 458, 433 A.2d at 251; see also V.R.E. 609(a). Defendant argues that no prior convictions should have been admitted under this Court's application of the *Gardner* test in *State* v. *Shattuck*, 141 Vt. 523, 527-28, 450 A.2d 1122, 1124 (1982), and *State* v. *Jarrett*, 143 Vt. 191, 193, 465 A.2d 238, 239-40 (1983). We disagree.

In *Shattuck*, a prosecution for sexual assault, prior convictions for rape and aggravated assault were held to have been improperly admitted for impeachment purposes. *Shattuck*, 141 Vt. at 527-28, 450 A.2d at 1124. *Gardner* described these crimes of violence as "less relevant to the credibility of a witness than crimes involving dishonesty or falsehood" because of the strong potential to prejudice a defendant before a jury. *Gardner*, 139 Vt. at 460-61, 433 A.2d at 251. This is especially so when the crime to be introduced for impeachment is similar to the crime for which defendant is charged. *Id.* In this case, a prior conviction for assault and battery was ruled inadmissible for impeachment purposes. Only prior convictions for petit larceny and false tokens, nonviolent crimes involving dishonesty, relevant to defendant's credibility, were ruled admissible. *Shattuck* is not controlling.

Nor is the message of *Jarrett* applicable. In *Jarrett*, the trial court erred by permitting impeachment by prior convictions after considering only one of the *Gardner* factors. *Jarrett*, 143 Vt. at 192-93, 465 A.2d at 240. It is apparent from the remarks of the trial judge at the pretrial motion in this case that there was adequate compliance with the *Gardner* criteria. The similarity be-

---

[2] We decline to address the applicability of *Luce* v. *United States*, 469 U.S. 38 (1984), as the parties did not argue or brief this question.

tween the crimes sought to be used for impeachment and the crime for which defendant was presently being charged were among the factors considered. It was on that basis that defendant's prior conviction for assault and battery was ruled inadmissible. No abuse of discretion occurred.

*Affirmed.*