# State of Vermont v. Robert A. Denny

[617 A.2d 425]

No. 91-219

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 4, 1992

Motion for Reargument Denied October 2, 1992

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Henry Hinton*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted of lewd and lascivious conduct with a child. He argues that (1) the trial court erred in admitting testimony by relatives of the victim and by an expert in child sexual abuse, and (2) the State's closing argument was unfairly prejudicial. We affirm.

Defendant lived in an apartment downstairs from the victim and her mother. The victim, who was six years old, frequently visited defendant. During a visit in May 1990, defendant allegedly inserted his finger into her vagina and caused her to rub his penis. The victim promptly reported the incident, and defendant was charged with sexual assault, 13 V.S.A. § 3252(a)(3), and lewd and lascivious conduct with a child, 13 V.S.A. § 2602.

Before trial, the court denied defendant's motion to bar testimony from the victim's grandmother and great-grandmother regarding her behavior after the alleged abuse. Defendant also challenged testimony by an expert witness describing common traits of children with post-traumatic stress disorder (PTSD). Defendant conceded that the evidence was relevant, but argued that the testimony would violate V.R.E. 403 because it was cumulative and would be substantially more prejudicial than probative. The court allowed the testimony, concluding that it was not cumulative and that effective cross-examination would protect defendant from unfair prejudice.

At trial, defendant denied committing any offense. In videotaped testimony, however, the victim specifically described the alleged conduct, although her testimony under cross-examination was unclear regarding whether defendant had inserted his finger into her vagina.

The victim's mother testified that, after the alleged abuse, the victim talked like a baby, wet her pants and the bed, did not want to be left alone, and was "mouthy." The mother also testified that, after moving residences, the victim frequently said that she did not want to be driven past their former apartment building because defendant still lived there. The victim's grandmother and great-grandmother testified that they too had ob-

served changes in her behavior, including disobedience, bed-wetting, nightmares, and refusing to approach her former home.

Finally, the expert, a children's therapist, testified that children may suffer PTSD after experiencing a traumatic event such as sexual abuse. She also testified that sexually abused children may have nightmares, regress developmentally, seek to avoid the situation or persons associated with the event, act out, and experience disassociation and amnesia.

The jury found defendant not guilty of sexual assault, but guilty of lewd and lascivious conduct with a child. In related arguments, defendant claims he was denied a fair trial because (1) the testimony of the victim's grandmother and great-grand-mother was unfairly prejudicial, (2) the expert's testimony should have been excluded because it was elicited for the improper purpose of bolstering the victim's credibility, and (3) the State improperly enhanced the credibility of the victim in closing and rebuttal arguments.

Defendant's first argument overlooks this Court's ruling in *State v. Shaw*, 149 Vt. 275, 279, 542 A.2d 1106, 1108 (1987). In *Shaw*, the Court upheld the admission of testimony from friends of the victim who testified that the victim's behavior and personality had changed after she was sexually assaulted. The testimony corroborated the victim's version of the events and rebutted the defendant's claim that the assault had not occurred. The Court reasoned that "[w]hether an assault occurred was the key question in this trial, and evidence of changes in the complainant's personality was material on this issue. . . . The possible prejudice to defendant does not outweigh the substantial probative value of the testimony . . . ." *Id.*

■ In the present case, the State introduced the testimony of the grandmother and great-grandmother to corroborate the victim's version of the events and to rebut the defendant's assertion that it never occurred. As in *Shaw*, evidence of changes in the victim's behavior and personality after the incident was material to whether the sexual abuse had occurred. We find no abuse of discretion by the trial court in admitting the testimony.

■■ Next, Vermont law does not restrict the use of expert testimony in sexual abuse cases solely to rehabilitating the tes-

timony of the complainant. We have held that "[e]xpert testimony in a criminal child sexual abuse case is admissible to help jurors understand 'the emotional antecedents of the victim's conduct' so that they 'may be better able to assess the credibility' of the victim." *State v. Sims*, 158 Vt. 173, 178, 608 A.2d 1149, 1152 (1991) (quoting *State v. Catsam*, 148 Vt. 366, 369, 534 A.2d 184, 187 (1987)). The fact that the jury may draw inferences that would tend to bolster the victim's credibility does not make the evidence inadmissible. As long as the expert does not offer an opinion on the accuracy of the victim's recitation of facts, general testimony on the dynamics of sexual abuse does not prejudice the jury. *State v. Hicks*, 148 Vt. 459, 462, 535 A.2d 776, 778 (1987).

■ The expert in the present case did not testify about the psychological or medical condition of the victim and did not venture an opinion as to whether she suffered from PTSD. Nor did the expert tell the jury that PTSD sufferers tend to tell the truth. The testimony consisted of descriptions of the behavioral characteristics that generally lead to a diagnosis of PTSD and the statement that children who have been sexually abused often suffer from PTSD. This evidence would help the jury understand the victim's behavior and determine whether the alleged conduct occurred. See V.R.E. 702 (opinion testimony based on specialized knowledge admissible if it will help the trier of fact determine a fact in issue); *State v. Dunbar*, 152 Vt. 399, 407, 566 A.2d 970, 975 (1989) (general tendency of expert testimony to advance State's case involves no error). But cf. *State v. Hudnall*, 293 S.C. 97, 100–01, 359 S.E.2d 59, 61–62 (1987) (evidence offered solely "to bolster the child's testimony that the crime had in fact occurred" held not admissible). We find no abuse of discretion by the trial court in admitting the expert's testimony.

■ Finally, defendant contends that the State's closing and rebuttal arguments impaired his right to a fair trial because they improperly enhanced the victim's credibility by emphasizing the expert's testimony. Defendant did not object at trial to the arguments, and thus can prevail only if plain error is shown. *State v. Bailey*, 144 Vt. 86, 99–100, 475 A.2d 1045, 1053 (1984). Regardless, we find no error.

In closing argument, the State addressed the personality changes experienced by the victim and focused on the general

characteristics of PTSD such as bedwetting, nightmares, amnesia, memory loss and avoiding the stimuli associated with the painful event. The State did not directly link the expert and her generalized testimony about PTSD to the victim's credibility. In response to defendant's closing argument, which stressed complainant's memory loss during testimony, the State drew upon the testimony of the expert to argue that memory loss is often a characteristic of PTSD. Again, there was no direct link between the expert testimony and victim's credibility. The State confined its argument to the evidence of the case and inferences that could be properly drawn from it. See *State v. Emerson*, 149 Vt. 171, 177, 541 A.2d 466, 470 (1987).

*Affirmed.*