COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


LONNIE RAY MYERS

MEMORANDUM OPINION[*] BY
v.    Record No. 0651-00-1        JUDGE JERE M. H. WILLIS, JR.
                                            JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick H. Creekmore, Judge

James B. Melton for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from his conviction of committing forcible sodomy

upon a child under the age of thirteen years, in violation of Code

§ 18.2-67.1, Lonnie Ray Myers contends that the trial court erred

in admitting irrelevant, hearsay testimony by the victim's mother.

Finding no error, we affirm the judgment of the trial court.

I.   BACKGROUND

In October 1998, Myers invited A.M., the nine-year-old

victim, and K.M., her eight-year-old sister, to his house.  The

two girls and Myers played "the monster game" where the girls

were "explorers . . . and [Myers] tries to eat [them] like he's

a big fierce monster."  A.M. testified that, during the course

─────────────
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of playing the game, Myers "pulled down [her] pants and underwear," held her legs apart, and used his fingers to separate her "vagina" and licked it.

At trial, the Commonwealth elicited from A.M.'s mother, over Myers' objection, testimony regarding changes in A.M.'s behavior following the alleged sexual abuse. The following colloquy occurred:

> [COMMONWEALTH]
>
> Q: How has [A.M.] been dealing with this since it's all come to light?
>
> [DEFENSE COUNSEL]: Judge, I object here on relevance grounds. I don't see why that is relevant.
>
> THE COURT: I overrule the objection.
>
> THE WITNESS: Since this has come to light, [A.M.] wishes she were dead. She says that to me constantly throughout the past ten months. She doesn't understand why it happened to her.
>
> [DEFENSE COUNSEL]: This is all hearsay, too. So I'm objecting. It's based on [A.M.'s] statements to her.
>
> [COMMONWEALTH]: Your Honor, she is her mother. She is able to determine how her daughter -- the feelings that she has, how her reactions and her behavior has been since this has all come to light. That's what the Commonwealth is trying to elicit from her mother.
>
> THE COURT: I think under those circumstances that that would be a proper question. Therefore, I overrule your objection.

-

[COMMONWEALTH]

Q: If you could, continue, please.

A: Okay. She would wake up in the middle of the night with nightmares. She's had flashbacks. She doesn't trust hardly anybody anymore.

Q: This has been very hurtful?

A: To say the least. This wasn't a stranger. This was someone that we all trusted. So, I mean, I can't handle it. How can she?

Q: And what have you done for [A.M.] since this has all come to light in order to alleviate that pain for her?

A: She's been seeing therapists. She's on antidepressants to help with her suicidal thoughts. I mean, she's ten years old, and she wants to kill herself.

The jury convicted Myers of committing sodomy on a child under thirteen years of age, in violation of Code § 18.2-67.1.

## II. THE TESTIMONY

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Myers contends that the trial court erred in admitting irrelevant, hearsay testimony of the victim's mother. We disagree.

## A. RELEVANCE

Evidence is generally admissible if it is both relevant and material. See Evans-Smith v. Commonwealth, 5 Va. App. 188, 196,

-

361 S.E.2d 436, 441 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

Applying this standard, we cannot say that the trial court abused its discretion in ruling that the mother's testimony was relevant and in allowing her to testify about A.M.'s behavior following the alleged sexual abuse. The testimony addressed A.M.'s mental state resulting from the alleged assault. A.M.'s mental state was a circumstance tending to prove a material issue in the case, namely whether she had been sexually abused. Therefore, it was relevant.[1]

## B.  HEARSAY

"Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted." Clark v. Commonwealth, 14

---

[1] Our decision to treat this testimony as relevant accords with other jurisdictions that have decided the issue. See State v. Reser, 767 P.2d 1277, 1279 (Kan. 1989) (reasoning that victim's behavior subsequent to reported assault is relevant corroborative evidence); State v. Dube, 598 A.2d 742, 746 (Me. 1991) (holding that evidence of changes in victim's personality and behavior was relevant); State v. Messa, 542 A.2d 1071, 1074-75 (R.I. 1988) (holding that changes in victim's behavior was admissible); State v. Cosey, 873 P.2d 1177, 1182 (Utah Ct. App. 1994) (holding that evidence of a drastic change in the victim's behavior is relevant circumstantial evidence that a traumatic experience has occurred); State v. Denny, 617 A.2d 425, 427 (Vt. 1992) (holding that evidence of changes in victim's behavior and personality after the incident was material to whether the sexual abuse had occurred).

-

Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992).  "Unless it is offered to show its truth, an out-of-court statement is not subject to the rule against hearsay and is admissible if relevant."  Church v. Commonwealth, 230 Va. 208, 212, 335 S.E.2d 823, 825 (1985).

In Church, the Supreme Court addressed the statement of a young victim who told her mother that sex was "'dirty, nasty and it hurt.'"  Id. at 211-15, 335 S.E.2d at 825-27.  The Court ruled that the child's statement was not hearsay.  See id.

> The Commonwealth did not offer the child's statement to prove that sex is "dirty, nasty and it hurt."  Rather, it was offered to show the child's attitude toward sex, an attitude likely to have been created by a traumatic experience.  Although the child made no prompt report of the crime, the Commonwealth was entitled to prove, by circumstantial evidence, that she had been a victim.  Thus, the child's out-of-court statement was not hearsay, but was admissible as circumstantial evidence tending to establish the probability of a fact in issue.

Id. at 212, 335 S.E.2d at 825-26.

Similarly, in this case, the challenged testimony was not offered for the truth of its content.  It was offered only to show A.M.'s behavioral changes following the event, changes likely to have resulted from a traumatic experience. Accordingly, we cannot say that the trial court abused its discretion in admitting the mother's testimony into evidence.

-

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>