*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-171

APRIL TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| Paul Bryan Thibodeau-O'Connor | } | DOCKET NO. 935-7-09 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals from convictions, based on a jury verdict, of lewd and lascivious conduct with a child and three counts of sexual assault. He contends the trial court erred in admitting the testimony of an expert witness about the incidence of delayed disclosure by victims of childhood sexual abuse and the nature of victims' memories of abuse. We affirm.

The material facts may be summarized as follows. In January 2009, the complainant, then age fifteen, informed her mother that she had been sexually abused by defendant, her father, for a number of years. She testified at trial that she recalled an incident when she was a little girl, lying on a bed under the blankets and performing oral sex on defendant; when her brothers entered and asked where she was, her father said she was outside. She also testified that defendant had penetrated her digitally and engaged in oral sex with her on multiple occasions when she was young, and that he would generally remove her trousers before the acts. With the exception of some noteworthy instances, she could not recall the specific details of most episodes, the number of incidents, or when the abuse ended. She testified that she did not tell anyone at the time about the abuse because she "figured it would stop," although it continued for years.

Prior to trial, defendant moved to exclude the testimony of Dr. Jan Tyler, a psychologist identified by the State as an expert witness. Defendant asserted that the disclosure was untimely, and that her testimony would be "purely vouching" for the complainant and therefore inadmissible. The trial court denied the motion. Later, following Dr. Tyler's deposition, defendant renewed the motion to exclude her testimony on the subjects of memory and delayed disclosure by sexually abused children. Defendant claimed that, to the extent Tyler's testimony implied that the complainant was telling the truth, it was inadmissible "vouching" testimony, and to the extent the testimony was limited to the general "literature in the field," it was irrelevant. The renewed motion was apparently denied, and Dr. Tyler was the State's second witness at trial, following the complainant.[*]

Dr. Tyler testified, at the outset, that she had formed no opinions about the specific facts of this case, and she intended to discuss only the general research in the field of child sexual abuse. On the subject of memory, she testified that when events occur repeatedly, one is less

---

[*] The trial court's ruling on the renewed motion could not be found in the record.

likely to remember particular incidents, although unique circumstances may "cue" the memory of certain specific incidents. In the context of child sexual abuse, a child victim's difficulty remembering may be compounded by the child's tendency to "dissociate" from the experience.

Dr. Tyler also described some of the factors associated with delayed disclosure of childhood sexual abuse, including the age of the victim, the type of abuse, whether there was violence involved, the duration of the abuse, and the relationship of the abuser to the victim. According to Dr. Tyler, research showed that the closer the perpetrator is to the victim, the less likely the child is to report, and the longer the period of abuse, the longer the delay. She also noted that young children are less likely to disclose than older children, and that victims were more likely to report sooner if the abuse was associated with more violence.

Following the additional testimony of two investigating officers, the State rested. Defendant called a number of family members, who uniformly testified to the closeness of the family. Several recalled an angry confrontation between defendant and the complainant after he found marijuana in her purse. The incident occurred several weeks before her disclosure of the sexual abuse.

The jury returned a verdict of guilty on all counts, and the court denied subsequent motions for judgment of acquittal and a new trial. Defendant was sentenced to an aggregate term of twenty-five years to life and timely appealed. Defendant contends the trial court erred in permitting Dr. Tyler to testify on the subjects of memory and delayed reporting by childhood victims of sexual abuse.

"The trial court enjoys broad, though not boundless, discretion in deciding whether to admit expert testimony." State v. Hazelton, 2009 VT 93, ¶ 16, 186 Vt. 342. We have long held that "[e]xpert testimony in a criminal child sexual abuse case is admissible to help jurors understand 'the emotional antecedents of the victim's conduct' so that they 'may be better able to assess the credibility of the victim.' " State v. Sims, 158 Vt. 173, 178 (1992) (quoting State v. Catsam, 148 Vt. 366, 369 (1987)); accord State v. Hazelton, 2009 VT 93, ¶ 16; State v. Wigg, 2005 VT 91, ¶ 16, 179 Vt. 65; State v. Denny, 159 Vt. 262, 265 (1992). An expert may not, however, directly comment on whether a complainant is telling the truth or give testimony that is "tantamount" to such an opinion, Catsam, 148 Vt. at 370, by describing, for example, the child's account of the abuse in a way that "implicitly vouche[s] for the believability of [the child's] story." State v. Wetherbee, 156 Vt. 425, 432 (1991). Under this standard, we have consistently recognized that general testimony about the behavioral "profile of young sexual assault victims," is unobjectionable. See, e.g., Hazelton, 2009 VT 93, ¶¶ 15-17 (holding that expert's testimony that high percentage of child sexual abuse victims delay disclosing abuse and that complainant's behavior was consistent with this profile was not tantamount to commenting on her credibility); Denny, 159 Vt. at 265 (upholding admission of expert testimony describing "behavioral characteristics that generally lead to a diagnosis of PTSD" and the statement that "children who have been sexually abused often suffer from PTSD"); State v. Gokey, 154 Vt. 129, 133 (1990) (noting usefulness and general admissibility of expert "profile" evidence, "such as a child's ambivalence about pursuing a sexual abuse complaint").

Dr. Tyler's testimony here, describing the general research and literature with respect to delayed reporting and blurred memory among child sexual abuse victims was precisely the sort of general profile evidence that we have consistently upheld. Indeed, Dr. Tyler expressly disclaimed any intent to comment on the facts of this case, and did not even assert that the complainant's conduct was consistent with the general behavioral characteristics of child sexual abuse victims. Accordingly, defendant's motion in limine to exclude Dr. Tyler's testimony on

2

the ground that it would impermissibly "vouch" for the complainant's credibility was properly denied.

Defendant contends that by testifying on "only the two behaviors that fit the facts of this case," i.e., limited specific memories and delayed reporting, Dr. Tyler's testimony somehow went beyond the general and "implicitly vouched for [the complainant's] credibility." However, the fact that the expert's testimony was relevant to the evidence presented in this case does not render the testimony inadmissible. As we explained in Denny: "The fact that the jury may draw inferences that would tend to bolster the victim's credibility does not make the evidence inadmissible. As long as the expert does not offer an opinion on the accuracy of the victim's recitation of facts, general testimony on the dynamics of sexual abuse does not prejudice the jury." 159 Vt. at 265.

Defendant also asserts that expert testimony on delayed reporting was unnecessary to assist the jury in understanding the evidence here because the complainant here had already explained that she never told anyone about the abuse because she "figured that it would stop." Defendant further asserts that expert evidence on the memory of child sexual abuse victims was inadmissible because defendant never attacked the complainant's credibility based on her imperfect memory of the incidents.

The admissibility of expert evidence on the behavioral characteristics of child sex abuse victims is predicated on the recognition that "the unique psychological effects of sexual assault on children place the average juror at a disadvantage in understanding the behavior of the victim," that they "may behave in a different manner" from other crime victims, and therefore that jurors may be better able to assess the evidence with the benefit of expert testimony. Catsam, 148 Vt. at 369. The record here certainly fits this pattern, given the complainant's delay in reporting and difficulty recalling specific incidents; its admissibility was not dependent on defendant's tactical decision on whether to challenge these aspects of her testimony. We note, moreover, that the complainant's statement that she delayed reporting the abuse because she "figured it would stop" is precisely the sort of response that might seem implausible or incomprehensible to an adult lay juror without the aid of such expert testimony. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the challenged testimony.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3